Brett A. Greenfield, SBN 217343
email: brett@818lawgroup.com
Falamak Abromson, SBN 234662
email: mak@818lawgroup.com
818 Law Group, LLP
21031 Ventura Blvd, Suite 1101
Woodland Hills, CA 91364-2254
Telephone: (818) 724-7272
Facsimile: (818) 806-4110

Donald G. Norris, SBN 90000
DONALD G. NORRIS, A LAW CORPORATION
500 S. Grand Ave., 18th Fl.
Los Angeles, California 90071
email: dnorris@norgallaw.com
Telephone: (213) 232-0855
Facsimile: (213) 286-9499

Attorneys for Plaintiff
Alma Ureña

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA URENA, individually, and as successor in interest to MIKE JR JIMENEZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF EL CENTRO; WILLIAM F. YU, an individual; and DOES 1-15, inclusive,<br><br>Defendants. | Case no. 26-CV-00101-JE5-AHG<br><br>AMENDED COMPLAINT FOR DAMAGES<br><br>1. Unreasonable Seizure—Excessive Force [42 U.S.C. §1983];<br><br>2. Interference With Due Process Right to Familial Relationships [42 U.S.C. § 1983];<br><br>3. Battery;<br><br>4. Negligence;<br><br>5. Violation of Cal Civ. Code § 52.1;<br><br>6. Wrongful Death;<br><br>DEMAND FOR JURY TRIAL |

JURISDICTION AND VENUE

1. This is a civil rights and wrongful death/survival action arising from the shooting death of the Plaintiff's 14-year-old minor son, Mike Jr Jimenez (the "Decedent"), on October 5, 2025 in El Centro, California.

2. This case arises under 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide the claims that arise under the laws of the State of California. Plaintiff has filed a timely claim with defendant City of El Centro pursuant to California Government Code Section 910 *et seq*.

4. Venue is proper under 28 U.S.C. § 1391(b).

PARTIES

5. Plaintiff Alma Ureña ("Plaintiff") is an individual who was the natural mother of the Decedent, and lives in Brawley in San Diego County. Plaintiff sues both in her individual capacity, as well as in a representative capacity as successor in interest to Decedent.

6. At all times herein mentioned defendant City of El Centro ("City") was and is a local governmental entity duly organized and existing under the laws of the State of California. At all times the City of El Centro Police Department ("El Centro PD") was and is an official Department of the City.

7. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant William F. Yu ("Officer Yu") was and is employed as a police officer of El Centro PD, acting under color of the law, statutes, ordinances, policies, practices, customs, and/or usages of the City, and/or otherwise within the course and scope of his respective duties as an employee, and with the complete authority and ratification, of Defendant City.

8. At all relevant times defendants Does 1 through 10, inclusive were individuals who were employees and/or agents of El Centro PD, who were

1 acting under color of the law, statutes, ordinances, policies, practices, customs,
2 and/or usages of the City, and/or otherwise within the course and scope of their
3 respective duties as employees, and with the complete authority and ratification,
4 of defendant City. Said defendants are each in some manner responsible for the
5 injuries and damages complained of herein. The true names of defendants Does
6 1 through 10, inclusive are presently unknown to plaintiff who therefore sues
7 each of these defendants by such fictitious name.

8   9.   Upon ascertaining the true identity of a Doe defendant, plaintiffs
9 will amend this complaint, or seek leave to do so, by inserting the true name in
10 lieu of the fictitious name.

11   10.   Each defendant promoted, ratified, and authorized or approved the
12 wrongful conduct alleged herein of each of the other defendants, and acted in
13 concert with and conspired with each of the other defendants in doing the
14 wrongful acts complained of herein, and/or promulgated policies and procedures
15 pursuant to which the unlawful conduct occurred, by failing and refusing, with
16 deliberate indifference to Plaintiff's rights, to initiate and/or maintain adequate
17 supervision and/or training.

## FACTS

19   11.   At approximately 6:30 p.m. on October 5, 2025, the Decedent,
20 along with three of his minor friends, was in a white Hyundai car in the parking
21 lot of the Volcano Asian Restaurant located at 445 East Main Street in El
22 Centro. On information and belief, an automated license plate reader identified
23 the car as stolen, so El Centro PD units, including Defendants Yu and Doe 1,
24 were dispatched to the scene and exited their vehicles.

25   12.   The Decedent attempted to drive the vehicle to leave the scene. On
26 information and belief, the safety of the officers at the scene, including that of
27 Defendant Yu, was not threatened, and nor was anyone in imminent danger of
28 death or serious body harm. Defendant Yu then unleashed an open fire gang

style barrage—19 shots—through the driver window directly at the Decedent. On information and belief, another officer, Defendant Doe 1, likewise fired his weapon toward the Decedent. The Decedent expired at the scene.

13. In shooting the Decedent, Defendant Yu and Defendant Doe 1 violated Chapter 3 section 300.4.1 of the El Centro Police Department Policy Manual, entitled "SHOOTING AT OR FROM MOVING VEHICLES," which provides as follows:

> Shots fired at or from a moving vehicle are rarely effective and involve considerations and risks in addition to the justification for the use of deadly force. When feasible, officers should take reasonable steps to move out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants. An officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the imminent threat of the vehicle, or if deadly force other than the vehicle is directed at the officer or others (Government Code § 7286(b)).

<u>FIRST CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983</u>

<u>FOR UNLAWFUL SEIZURE AND EXCESSIVE FORCE</u>

(By Plaintiff as successor in interest against Defendants Yu and Does 1-10)

14. Plaintiff repeats and realleges and incorporates by reference each and every allegation in paragraphs 1 through 13, inclusive, of this complaint as if fully set forth herein.

15. Plaintiff brings this claim for relief in her capacity as the successor in interest of the Decedent, for whom there is no estate opened, under California Code of Civil Procedure § 377.30. The foregoing claim for relief arose in the Decedent's favor, and Decedent would have been the plaintiff with respect to this claim for relief had he lived.

16. The use of the aforesaid force against the Decedent was excessive and unreasonable, and deprived Decedent of his right to be secure in his person against unreasonable seizures guaranteed him by the Fourth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, in violation of Title 42 U.S.C. § 1983.

17. As a direct result thereof the aforesaid acts and omissions of defendants, Decedent suffered great physical and mental injury, fear and emotional distress, trauma, pain, shock to his nervous system, and ultimately death, and loss of the enjoyment of life. Plaintiff seeks damages for said injuries.

18. The conduct of Defendant Yu and Defendant Doe 1, as alleged above, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and the passengers in his car, therefore warranting the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example.

<u>SECOND CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 FOR DEPRIVATION OF THE SUBSTANTIVE DUE PROCESS RIGHTS OF PLAINTIFF TO A FAMILIAL RELATIONSHIP WITH THE DECEDENT</u>

(By Plaintiff individually against defendants and Does 1-10)

19. Plaintiff repeats and realleges and hereby incorporates by reference each and every allegation contained in paragraphs 1 through 18 of this complaint as if set forth herein in full.

20. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution in being free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in her parental and familial relationship with her son, the Decedent.

21. The use of force against Decedent by defendants, acting under color of law, shocks the conscience, was unrelated to any legitimate law enforcement objective, was done with the intent to harm the decedent, and in reckless disregard of the rights of Plaintiff herein.

22. The use of said force deprived Plaintiff of her substantive due process rights not to have her familial association infringed upon or interfered with in an unwarranted manner, or to be deprived by the loss of life of her son, thereby depriving her of rights, privileges, and immunities under the U.S. Constitution, in violation of Title 42 U.S.C. § 1983.

23. As a direct result of the aforesaid acts of said defendants, Plaintiff has suffered and will suffer great physical and mental injury, trauma, pain, shock to her nervous system, anguish, anxiety, humiliation, fear and emotional distress, and the loss of the love, affection, care, society, companionship, and support and affection of her son, all to her damage in an amount according to proof.

24. As a further direct result of defendants' acts Plaintiff incurred funeral and burial expenses, in an amount according to proof.

25. The conduct of Defendants Yu and Doe 1 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff, and therefore warrants the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example.

<u>THIRD CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 FOR UNCONSTITUTIONAL MUNICIPAL CUSTOMS, PRACTICES AND POLICIES</u>

(Against Defendant City of El Centro)

26. Plaintiff hereby repeats and realleges and each and every allegation contained in paragraphs 1 through 25 of this complaint as if set forth herein in full.

27. Plaintiff sues under this claim as successor in interest to Decedent. In addition, Plaintiff sues individually in connection with the violation of her own rights under the United States Constitution, as alleged above in the Second Claim for Relief.

28. On information and belief, the Police Chief of the City of El Centro, or other final policymaker who has final policymaking authority concerning the acts of the individual defendants, ratified (or will ratify) said acts and the purported bases for them, with actual knowledge of or deliberate indifference to their unconstitutional nature.

29. Alternatively, on information and belief, the unconstitutional actions of the individual defendants, as well as other officers employed by or acting on behalf of Defendant City of El Centro and its Police Department, as alleged above, were the result of the following unconstitutional customs, policies and/or practices on the part of the Police Department of the City of El Centro:

    a. the use or tolerance of excessive and deadly force against unarmed and other individuals, including by Defendant Yu;

    b. the use of unreasonably and unnecessarily aggressive tactics against individuals, such that officers are more likely to use substantial physical, excessive and/or deadly force against those individuals;

    c. the failure to properly train, instruct, monitor, supervise, and discipline the individual defendants herein, including Defendant Yu, and other officers of defendants, in the proper use of deadly force; and

    d. the deprivation of access to the courts by engaging in a cover-up of violations of constitutional rights, to wit: by allowing, tolerating, and/or

encouraging officers to file false reports, make false statements, obstruct and/or interfere with investigations of unconstitutional or unlawful conduct, by withholding and/or concealing material information, and evidence, and otherwise ignoring and/or failing to adequately investigate and discipline unconstitutional or unlawful activity, including that of Defendant Yu.

30. The aforementioned ratification of the individual defendants' actions, as well as the unconstitutional policies, practices and customs of Defendant City as alleged above, were a direct and moving cause of the deprivations of Decedent's and Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983.

31. As a direct result of the actions alleged herein, Decedent was damaged, as alleged above, as was Plaintiff, as further alleged above.

<div style="text-align:center">

FOURTH CLAIM FOR RELIEF FOR BATTERY

(By Plaintiff as successor in interest to Decedent

against Defendants and the City of El Centro)

</div>

32. Plaintiff repeats and realleges and hereby incorporates by reference each and every allegation contained in paragraphs 1 through 18 of this complaint as if set forth herein in full.

33. As is detailed above, Defendants Yu and Doe 1 intentionally shot at the Decedent, striking him and ultimately killing him. Said Defendants' acts resulted in nonconsensual, offensive contact with the Decedent's person. Said Defendants had no legal justification for using said force against Decedent, and the use of force by said Defendants acting as sworn police officers of Defendant City was an unreasonable use of force.

34. As a direct, legal and proximate result of the actions of Defendant Yu and Doe 1 decedent was injured and suffered damages.

35. Defendant City is vicariously liable for the wrongful acts of Defendants Yu and Doe 1 pursuant to section 815.2(a) of the California

Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

36. The conduct of Defendants Yu and Doe 1 as alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example of said Defendants.

## FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE

(By Plaintiff as successors in interest to Decedent

against Defendants Yu, Does 1-15 and City of El Centro)

37. Plaintiff repeats and realleges and hereby incorporate by reference each and every allegation contained in paragraphs 1 through 36 of this complaint as if set forth herein in full.

38. In their contacts with the Decedent, Defendants Yu and Does 1-10 were required to use reasonable care in seizing the Decedent, taking him into custody and using force against him.

39. Defendants Yu and Does 1-10 failed to use appropriate tactics or reasonable care in seizing and shooting the Decedent, by, among other things, failing to give a warning, and failing to use other appropriate less lethal tactics than immediately discharging a firearm. The conduct of Defendants Yu and Does 1-10 in that regard fell below the standard of care of reasonable persons in their profession as sworn police officers, such that Defendants Yu and Does 1-10 were negligent in the performance of their police tactics and duties.

40. As a direct, legal and proximate result of the aforesaid negligence of Defendants Yu and Does 1-10, inclusive the Decedent suffered injuries and damages.

41. Defendant City of El Centro is vicariously liable for the negligence of Defendants Yu and Does 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code.

42. Defendants Does 1-10 had a duty to use reasonable care in any complaints or reports made as to Decedent or his conduct and not to falsify or misrepresent such matters. On information and belief said defendants breached said duties.

43. As a direct, legal and proximate result of the aforesaid negligence of defendants Does 1-15, inclusive the decedent suffered injuries and damages.

### SIXTH CLAIM FOR RELIEF UNDER CAL. CIV. CODE § 52.1

(By Plaintiff as successors in interest to Decedent against Defendants Yu and City of El Centro)

44. Plaintiff repeats and realleges and hereby incorporates by reference each and every allegation contained in paragraphs 1 through 43 of this complaint as if set forth herein in full.

45. In violation of California Civil Code section 52.1 Defendants Yu and Does 1-10 interfered by violence, threats of violence, intimidation, or coercion, with the exercise or enjoyment of the rights of decedent to be free from unlawful seizures and excessive and unreasonable force, in violation of his rights protected under Article 1, Sections 7 and 13 of the California Constitution, as well as the Fourth Amendment of the United States Constitution.

46. On information and belief, Defendants Yu and Does 1-10 intentionally and spitefully committed the above acts to discourage Decedent from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

47. On information and belief, decedent reasonably believed and understood that the acts committed by Defendants Yu and Does 1-10 were

intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

48. As a direct, legal and proximate result of the aforesaid violations of California Civil Code section 52.1 by Defendants Yu and Does 1-10, decedent was injured and damaged.

49. Defendant City is vicariously liable for the wrongful acts of defendants Yu and Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

50. The conduct of Defendants Yu and Does 1-10 as alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example of said defendants.

<u>SEVENTH CLAIM FOR RELIEF FOR WRONGFUL DEATH</u>

(By Plaintiff individually against Defendants Yu,

Does 1-10 and City of El Centro)

51. Plaintiff repeats and realleges and hereby incorporate by reference each and every allegation contained in paragraphs 1 through 50 of this complaint as if set forth herein in full.

52. Plaintiff is the proper party with standing, pursuant to Cal. Civ. Proc. Code § 377.60, to pursue this wrongful death claim.

53. As a direct result of the acts of Defendants alleged above Plaintiff has been damaged, suffering pecuniary loss and other compensable injuries resulting from loss of love, society, comfort, attention, services, and support of the Decedent, in an amount in accordance with proof.

54. As a further direct result of the acts of Defendants, Plaintiff has incurred expenses, including funeral and burial expenses, in an amount according to proof.

55. Defendant City is vicariously liable for the tortious conduct of Defendants Yu and Does 1-10, pursuant to section 815.2(a) of the California Government Code.

56. The conduct of Defendant Yu and Does 1-10 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example of each said defendant.

## PRAYER

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as follows:

<u>As to all Claims for Relief</u>

1. For compensatory, general, special and incidental damages, in a sum according to proof;

2. For costs of suit incurred, including reasonable attorneys' fees as to the First, Second, Third and Sixth Causes of Action; and

3. For such other and further relief as this Court deems just and proper.

<u>As to the First, Second, Fourth, Sixth and Seventh Claims for Relief</u>

4. For punitive and exemplary damages against the individual defendant(s) in an amount sufficient to punish defendant(s) and make an example.

| | | |
|---|---|---|
| 1 | Dated: January 19, 2026 | 818 LAW GROUP, LLP |
| 2 | | DONALD G NORRIS, A LAW CORPORATION |
| 3 | | |
| 4 | | By     /s/<br>     Brett A. Greenfield<br>     Attorneys for Plaintiff |

|    |    |    |
|----|----|----|
| 1  | <div align="center">DEMAND FOR JURY TRIAL</div> | |
| 2  | Plaintiff requests a trial by jury on all claims. | |
| 3  |    |    |
| 4  | Dated: January 19, 2026 | 818 LAW GROUP, LLP |
| 5  |    | DONALD G. NORRIS, A LAW CORPORATION |
| 6  |    | By  /s/ |
| 7  |    | Brett A. Greenfield<br>Attorneys for Plaintiffs |

-14-