Konrad M. Rasmussen, Esq. (SBN 157030)
Brett L. Cirincione, Esq. (SBN 330807)
Michael D. Alvarez, Esq. (SBN 362066)
McCORMICK, MITCHELL & RASMUSSEN
8885 Rio San Diego Drive, Suite 227
San Diego, CA 92108
Tel:  (619) 235-8444
Fax:  (619) 294-8447

Attorneys for Defendants CITY OF EL CENTRO and
WILLIAM F. YU

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA UREÑA, individually, and as successor in interest to MIKE JR JIMENEZ, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EL CENTRO; WILLIAM F. YU, an individual; and DOES 1-15, inclusive,<br><br>Defendants. | Case No.: 3:26-CV-00101-JES-LR<br><br>**CITY OF EL CENTRO'S ANSWER TO FIRST AMENDED COMPLAINT** |

COMES NOW Defendant City of El Centro, by and through its counsel of record, and answers Plaintiff's First Amended Complaint ("FAC") on file herein.

### JURISDICTION AND VENUE

1.  Answering Paragraph 1 of the FAC filed herein, Defendant alleges Paragraph 1 contains jurisdictional allegations that present legal conclusions and questions of law to be determined by the Court to which no answer is required.

2. Answering Paragraph 2 of the FAC filed herein, Defendant alleges Paragraph 2 contains jurisdictional allegations that present legal conclusions and questions of law to be determined by the Court to which no answer is required.

3. Answering Paragraph 3 of the FAC filed herein, Defendant alleges Paragraph 3 contains jurisdictional allegations that present legal conclusions and questions of law to be determined by the Court to which no answer is required.

4. Answering Paragraph 4 of the FAC filed herein, Defendant alleges Paragraph 4 contains jurisdictional allegations that present legal conclusions and questions of law to be determined by the Court to which no answer is required.

## PARTIES

5. Answering Paragraph 5 of the FAC filed herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and accordingly denies generally and specifically each of the allegations contained in Paragraph 5 of the FAC.

6. Answering Paragraph 6 of the FAC filed herein, Defendant admits the allegations set forth therein.

7. Answering Paragraph 7 of the FAC filed herein, Defendant admits the allegations set forth therein.

8. Answering Paragraph 8 of the FAC filed herein, Defendant denies its employees and/or agents are in some manner responsible for the injuries and damages complained of in the FAC. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and accordingly denies generally and specifically each of the allegations contained in Paragraph 8 of the FAC.

9. Answering Paragraph 9 of the FAC filed herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and accordingly denies generally and specifically each of the

allegations contained in Paragraph 9 of the FAC.

10. Answering Paragraph 10 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

## FACTS

11. Answering Paragraph 11 of the FAC filed herein, Defendant admits the allegations set forth therein.

12. Answering Paragraph 12 of the FAC filed herein, Defendant admits that the Decedent expired at the scene. Defendant denies generally and specifically each of the remaining allegations contained therein.

13. Answering Paragraph 13 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

## FIRST CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 FOR UNLAWFUL SEIZURE AND EXCESSIVE FORCE

**(By Plaintiff as successor in interest against Defendants Yu and Does 1-10)**

14. Answering Paragraph 14 of the FAC filed herein, Defendant incorporates by reference all preceding paragraphs of this Answer as though set forth fully herein.

15. Answering Paragraph 15 of the FAC filed herein, the allegations contained therein are not asserted against the answering Defendant and, as such, no answer thereto is required.

16. Answering Paragraph 16 of the FAC filed herein, the allegations contained therein are not asserted against the answering Defendant and, as such, no answer thereto is required.

17. Answering Paragraph 17 of the FAC filed herein, the allegations contained therein are not asserted against the answering Defendant and, as such, no answer thereto is required.

18. Answering Paragraph 18 of the FAC filed herein, the allegations contained therein are not asserted against the answering Defendant and, as such, no

CITY OF EL CENTRO'S ANSWER TO FIRST AMENDED COMPLAINT

answer thereto is required.

## SECOND CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 FOR DEPIRVATION OF THE SUBSTANTIVE DUE PROCESS RIGHTS OF PLAINTIFF TO A FAMILIAL RELATIONSHIP WITH THE DECEDENT

**(By Plaintiff individually against defendants and Does 1-10)**

19. Answering Paragraph 19 of the FAC filed herein, Defendant incorporates by reference all preceding paragraphs of this Answer as though set forth fully herein.

20. Answering Paragraph 20 of the FAC filed herein, the allegations contained therein are not asserted against the answering Defendant and, as such, no answer thereto is required.

21. Answering Paragraph 21 of the FAC filed herein, the allegations contained therein are not asserted against the answering Defendant and, as such, no answer thereto is required.

22. Answering Paragraph 22 of the FAC filed herein, the allegations contained therein are not asserted against the answering Defendant and, as such, no answer thereto is required.

23. Answering Paragraph 23 of the FAC filed herein, the allegations contained therein are not asserted against the answering Defendant and, as such, no answer thereto is required.

24. Answering Paragraph 24 of the FAC filed herein, the allegations contained therein are not asserted against the answering Defendant and, as such, no answer thereto is required.

25. Answering Paragraph 25 of the FAC filed herein, the allegations contained therein are not asserted against the answering Defendant and, as such, no answer thereto is required.

///

///

# THIRD CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 FOR UNCONSTITUTIONAL MUNICIPAL CUSTOMS, PRACTICES AND POLICIES

**(Against Defendant City of El Centro)**

26. Answering Paragraph 26 of the FAC filed herein, Defendant incorporates by reference all preceding paragraphs of this Answer as though set forth fully herein.

27. Answering Paragraph 27 of the FAC filed herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and accordingly denies generally and specifically each of the allegations contained in Paragraph 27 of the FAC.

28. Answering Paragraph 28 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

29. Answering Paragraph 29 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

30. Answering Paragraph 30 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

31. Answering Paragraph 31 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

# FOURTH CLAIM FOR RELIEF FOR BATTERY

**(By Plaintiff as successor in interest to Decedent against Defendants and the City of El Centro)**

32. Answering Paragraph 32 of the FAC filed herein, Defendant incorporates by reference all preceding paragraphs of this Answer as though set forth fully herein.

33. Answering Paragraph 33 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

34. Answering Paragraph 34 of the FAC filed herein, Defendant denies

CITY OF EL CENTRO'S ANSWER TO FIRST AMENDED COMPLAINT

1  generally and specifically each, all and every allegation contained therein.    35.

2  Answering Paragraph 35 of the FAC filed herein, Defendant alleges said
3  paragraph contains legal allegations that present legal conclusions and questions of
4  law to be determined by the Court to which no answer is required.

5  36.    Answering Paragraph 36 of the FAC filed herein, Defendant denies
6  generally and specifically each, all and every allegation contained therein.

### FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE

**(By Plaintiff as successors in interest to Decedent**

**against Defendants Yu, Does 1-15 and City of El Centro)**

10  37.    Answering Paragraph 37 of the FAC filed herein, Defendant
11  incorporates by reference all preceding paragraphs of this Answer as though set forth
12  fully herein.

13  38.    Answering Paragraph 38 of the FAC filed herein, Defendant alleges said
14  paragraph contains legal allegations that present legal conclusions and questions of
15  law to be determined by the Court to which no answer is required.

16  39.    Answering Paragraph 39 of the FAC filed herein, Defendant denies
17  generally and specifically each, all and every allegation contained therein.

18  40.    Answering Paragraph 40 of the FAC filed herein, Defendant denies
19  generally and specifically each, all and every allegation contained therein.

20  41.    Answering Paragraph 41 of the FAC filed herein, Defendant alleges said
21  paragraph contains legal allegations that present legal conclusions and questions of
22  law to be determined by the Court to which no answer is required.

23  42.    Answering Paragraph 42 of the FAC filed herein, Defendant denies
24  generally and specifically each, all and every allegation contained therein.

25  43 Answering Paragraph 43 of the FAC filed herein, Defendant denies
26  generally and specifically each, all and every allegation contained therein.

27  ///
28  ///

**SIXTH CLAIM FOR RELIEF UNDER CAL. CIV. CODE § 52.1**

**(By Plaintiff as successors in interest to Decedent**

**against Defendants Yu and City of El Centro)**

44.   Answering Paragraph 44 of the FAC filed herein, Defendant incorporates by reference all preceding paragraphs of this Answer as though set forth fully herein.

45.   Answering Paragraph 45 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

46.   Answering Paragraph 46 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

47.   Answering Paragraph 47 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

48.   Answering Paragraph 48 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

49.   Answering Paragraph 42 of the FAC filed herein, Defendant alleges said paragraph contains legal allegations that present legal conclusions and questions of law to be determined by the Court to which no answer is required.

50.   Answering Paragraph 50 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF FOR WRONGFUL DEATH**

**(By Plaintiff individually against Defendants Yu,**

**Does 1-10 and City of El Centro)**

51.   Answering Paragraph 51 of the FAC filed herein, Defendant incorporates by reference all preceding paragraphs of this Answer as though set forth fully herein.

52.   Answering Paragraph 52 of the FAC filed herein, Defendant alleges said paragraph contains legal allegations that present legal conclusions and questions of law to be determined by the Court to which no answer is required.

53. Answering Paragraph 53 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

54. Answering Paragraph 54 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

55. Answering Paragraph 55 of the FAC filed herein, Defendant alleges said paragraph contains legal allegations that present legal conclusions and questions of law to be determined by the Court to which no answer is required.

56. Answering Paragraph 56 of the FAC filed herein, Defendant denies generally and specifically each, all and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a First Affirmative Defense, Defendant asserts the First Amended Complaint, and every purported cause of action in the First Amended Complaint, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a Second Affirmative Defense, Defendant asserts that Plaintiff has failed to allege or establish any violation or deprivation of a constitutional right of Plaintiff's decedent and therefore the First Amended Complaint fails to state any claim upon which relief can be granted against Defendant.

### THIRD AFFIRMATIVE DEFENSE

As a Third Affirmative Defense, Defendant asserts that Plaintiff has failed to allege or establish any violation or deprivation of a constitutional right of Plaintiff and therefore the First Amended Complaint fails to state any claim upon which relief can be granted against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

As a Fourth Affirmative Defense, Defendant asserts that Plaintiff has waived any and all claims Plaintiff may have had against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

As a Fifth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred by the statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

As a Sixth Affirmative Defense, Defendant asserts that Defendant's Police Officers had reasonable cause to detain and/or probable cause to arrest Plaintiff's decedent.

### SEVENTH AFFIRMATIVE DEFENSE

As a Seventh Affirmative Defense, Defendant alleges that Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and that, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on her part or by expenditures which might reasonably have been made, and, therefore, Plaintiff's recovery, if any, should be reduced by the failure to mitigate damages, if any there be.

### EIGHTH AFFIRMATIVE DEFENSE

As an Eighth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred by California Government Code § 820.2 which provides immunity for discretionary acts of public employees.

### NINTH AFFIRMATIVE DEFENSE

As a Ninth Affirmative Defense, Defendant asserts that Plaintiff's claims in whole or in part, are barred by Government Code § 815.2(b) and § 820.4 which immunizes peace officers from liability resulting from the execution or enforcement of any law.

### TENTH AFFIRMATIVE DEFENSE

As a Tenth Affirmative Defense, Defendant alleges that decedent was guilty of willful misconduct and gross negligence and that such willful misconduct and gross negligence caused his death, and therefore, Plaintiff's claims are barred thereby.

///

### ELEVENTH AFFIRMATIVE DEFENSE

As an Eleventh Affirmative Defense, Defendant asserts that any judgment entered herein against Defendant may be reduced pursuant to Government Code § 985 for collateral source payments.

### TWELFTH AFFIRMATIVE DEFENSE

As the Twelfth Affirmative Defense, Defendant asserts any damages incurred by Plaintiff's decedent or Plaintiff was directly and proximately caused or contributed to by Plaintiff's decedent's own actions.

### THIRTEENTH AFFIRMATIVE DEFENSE

As the Thirteenth Affirmative Defense, Defendant alleges that if it is held liable for damages to Plaintiff or any other party in any amount that Defendant is only severally liable in an amount equal to its apportioned share of liability for any damages suffered by the Plaintiff or any other party. The fault, if any, of Defendant should be compared with the fault of other defendants or third parties and damages, if any, should be apportioned among the defendants or other parties in direct relation to each Defendant's or parties comparative fault. Defendant should be obligated to pay only such damages, if any, which are directly attributable to its percentage of comparative fault. To require Defendant to pay any more than its percentage of comparative fault violates equal protection and due process clauses of the Constitution of the United States and the Constitution of the State of California.

### FOURTEENTH AFFIRMATIVE DEFENSE

As the Fourteenth Affirmative Defense, Defendant asserts any damages alleged by Plaintiff were not proximately caused by any negligence, wrongful acts or omissions on the part of Defendant's employees.

### FIFTEENTH AFFIRMATIVE DEFENSE

As the Fifteenth Affirmative Defense, Plaintiff herein is barred from any recovery from Defendant for any loss, injury, or damages resulting from any force either actually employed or about which Defendant's employees warned, in that any

and all such force was legal, proper, justified, and necessary, both for the self-defense and protection of Defendant's employees, and/or other individuals and also in order to overcome Plaintiff's decedent's unlawful, and dangerous attempts to resist a lawful detention and/or arrest.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a Sixteenth Affirmative Defense, Defendant asserts that Plaintiff has engaged in conduct with respect to the activities which are the subject of the First Amended Complaint and by reason of said activities and conduct, Plaintiff is estopped from asserting any claims of damages or seeking any other relief against Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As the Seventeenth Affirmative Defense, Defendant asserts that Plaintiff lacks standing to bring all or some of the claims sought to be alleged in the First Amended Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As an Eighteenth Affirmative Defense, Defendant asserts that each and every purported cause of action sought to be alleged in the First Amended Complaint is barred in whole or in part by the failure to comply with applicable claim submission requirements, including but not limited to those set forth in Government Code §905, §910, §911.2, §913, §915.2, §935, §945.4, §945.6 and §950.2.

### NINETEENTH AFFIRMATIVE DEFENSE

As the Nineteenth Affirmative Defense, Defendant alleges that at all times and places set forth in the First Amended Complaint, Plaintiff's decedent failed to exercise ordinary care on his own behalf which negligence and carelessness was a legal cause of some portion up to and including the whole thereof of the injuries and damages complained of in this action. Plaintiff's recovery therefore, if any, against Defendant should be barred or reduced according to the principles of comparative negligence.

### TWENTIETH AFFIRMATIVE DEFENSE

As the Twentieth Affirmative Defense, Defendant's employees acted at all

times within the scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations, and practices reasonably and in good faith believed to be in accordance with the Constitution and laws of the United States, and Defendant is therefore not liable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a Twenty-First Affirmative Defense, Defendant asserts that at all times alleged in the First Amended Complaint, Defendant's police officers acted in good faith, without malice and within the scope of the duties of peace officers of the City of El Centro.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the First Amended Complaint;
2. For costs of suit;
3. For attorneys' fees and other expenses; and
4. For such other and further relief as the Court deems just and proper.

McCORMICK, MITCHELL & RASMUSSEN

Date: February 20, 2026

*/s/ Konrad M. Rasmussen*
_____
Konrad M. Rasmussen
Brett L. Cirincione
Michael D. Alvarez
Attorneys for Defendants, CITY OF EL CENTRO and WILLIAM F. YU

CITY OF EL CENTRO'S ANSWER TO FIRST AMENDED COMPLAINT