Konrad M. Rasmussen, Esq. (SBN 157030)
Brett L. Cirincione, Esq. (SBN 330807)
Michael D. Alvarez, Esq. (SBN 362066)
McCORMICK, MITCHELL & RASMUSSEN, APC
8885 Rio San Diego Drive, Suite 227
San Diego, CA 92108
Tel:  (619) 235-8444
Fax:  (619) 294-8447

Attorneys for Defendants CITY OF EL CENTRO and
WILLIAM F. YU

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA UREÑA, individually, and as successor in interest to MIKE JR JIMENEZ, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EL CENTRO; WILLIAM F. YU, an individual; and DOES 1-15, inclusive,<br><br>Defendants. | Case No.: 3:26-CV-00101-JES-LR<br><br>**JOINT MOTION FOR PROTECTIVE ORDER**<br><br>Courtroom: 4B<br>Magistrate Judge: Lupe Rodriguez, Jr. |

Pursuant to Civil Local Rule 7.2, Plaintiff Alma Ureña and Defendants City of El Centro and William F. Yu (collectively, "the Parties") through their respective attorneys of record, jointly move the Court for a protective order concerning certain documents to be produced in the above-referenced action. The Parties hereby make this application on the following grounds:

///

- 1 -

JOINT MOTION FOR PROTECTIVE ORDER    Case No.: 3:26-CV-00101-JES-LR

1.      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted.  This information (regardless of the medium or how generated, stored, or maintained) or tangible things may qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal privileges. This material may include, but is not limited to, medical records, behavioral health records, autopsy records and photographs; peace officer personnel records as defined by California Penal Code sections 832.8, 832.5, 832.7; district attorney, California Attorney General and law enforcement investigative materials; and records pertaining to juvenile arrests and court proceedings.

2.      Accordingly, the Parties hereby stipulate to and petition the court to enter the following Order. The Parties have agreed on the language of a proposed protective order which is attached to this joint motion as Exhibit A, and specifies the conditions under which private, sensitive, and/or legally confidential documents and information in possession of the Parties must be exchanged, used, and protected in this litigation.

3.      The parties acknowledge that this Joint Motion and associated Order  does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the specified information or items that are entitled to treatment as confidential.

4.      The parties further acknowledge that this Joint Motion creates no entitlement to file confidential information under seal, except to the extent specified herein and under the Southern District Local Rules.

///

///

///

///

///

JOINT MOTION FOR PROTECTIVE ORDER    Case No.: 3:26-CV-00101-JES-LR

The Parties respectfully request that the Court execute the proposed protective order attached hereto as Exhibit A.

McCORMICK, MITCHELL & RASMUSSEN, APC

Date: March 17, 2026        /s/ Konrad M. Rasmussen
                                       Konrad M. Rasmussen
                                       Brett L. Cirincione
                                       Michael D. Alvarez
                                       Attorneys for Defendants CITY OF EL CENTRO and WILLIAM F. YU

THE 818 LAW FIRM, LLP

Date: March 17, 2026        /s/ Brett A. Greenfield
                                         Brett A. Greenfield
                                       Falamak Abromson
                                       Attorneys for Plaintiff ALMA UREÑA

DONALD G. NORRIS, A LAW CORPORATION

Date: March 17, 2026        /s/ Donald G. Norris
                                         Donald G. Norris
                                       Attorneys for Plaintiff ALMA UREÑA

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to § 2(f)(4) of the Southern District of California's Electronic Case Filing Administrative Policies and Procedures Manual, I, Konrad M. Rasmussen, hereby certify that the content of this document is acceptable to all persons required to sign the document and have obtained authorization for the electronic signatures of all parties on the document.

Date: March 17, 2026        /s/ Konrad M. Rasmussen
                                         KONRAD M. RASMUSSEN

JOINT MOTION FOR PROTECTIVE ORDER    Case No.: 3:26-CV-00101-JES-LR

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALMA UREÑA, individually, and as successor in interest to MIKE JR JIMENEZ, deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF EL CENTRO; WILLIAM F. YU, an individual; and DOES 1-15, inclusive, <br><br> Defendants. | Case No.: 3:26-CV-00101-JES-LR <br><br> **[PROPOSED] PROTECTIVE ORDER** <br><br> Courtroom: 4B <br> District Judge: Hon. James E. Simmons, Jr. <br> Magistrate Judge: Lupe Rodriguez, Jr. |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in *Alma Ureña, individually, and as successor in interest to Mike Jr. Jimenez, deceased, vs. City of El Centro, et al,*. Case No.: 3:26-CV-00101-JES-LR may contain private, privileged or confidential information that is not generally available to the public and is normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain non-public information that could jeopardize the privacy rights of third-parties or the public safety. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

///

- 1 -

## DEFINITIONS

1.    The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, initial disclosures, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be and designated as confidential information by any party to which it belongs.

2.    The term "materials" will include, without limitation, documents; correspondence; audio recordings; videos; memoranda; minutes; letters; statements; drafts; notes of conversations; desk diaries; appointment books; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; notes (including laboratory notebooks and records); reports; instructions; disclosures; and other writings.

3.    The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Konrad M. Rasmussen, Brett L. Cirincione, Michael D. Alvarez, McCormick, Mitchell & Rasmussen, APC;

Brett A. Greenfield and Falamak Abromson, 818 Law Group, LLP;

Donald G. Norris, Donald G. Norris, a Law Corporation.

4.    The term "expert" shall mean a person retained by a Party or its attorneys to give expert testimony in this Action who has been or will be disclosed pursuant to Federal Rule of Civil procedure 26(a)(2), who is not a former or current employee of any Party or of a competitor of any Party, and who, when retained, does not anticipate becoming an employee of any Party or of a competitor of any Party.

5.    The term "consultant" shall mean a person retained by a Party or its attorneys to consult with or advise it in this Action who is not a former or current

- 2 -

employee of any Party or of a competitor of any Party and who, when retained, does not anticipate becoming an employee of any Party or of a competitor of any Party.

## GENERAL RULES

6.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY.

a.     Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the information qualifies for protection under Federal Rule of Civil Procedure 26(c) and unrestricted disclosure would cause specific prejudice or harm.

b.     Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to Confidential Information that affords the Producing Party actual or potential economic advantage or Confidential Information disclosure of which would create a risk of injury to the Producing Party that cannot be avoided by less restrictive means.

c.     Each Party or non-party that designates information or items for protection under this Stipulation and its associated Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating Party must take care to designate for protection only those parts of material, documents,

- 3 -

items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

d.    Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

e.    If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

7.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information either "Confidential Information Subject to Protective Order in *Alma Ureña, individually, and as successor in interest to Mike Jr. Jimenez, deceased, vs. City of El Centro, et al.*, No. 3:26-CV-00101-JES-LR" or "Confidential – For Counsel Only Information Subject to Protective Order in *Alma Ureña, individually, and as successor in interest to Mike Jr. Jimenez, deceased, vs. City of El Centro, et al.*, No. 3:26-CV-00101-JES-LR."

- 4 -

8.      Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a.      the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated. Failure to so designate within 14 days constitutes a waiver of confidentiality of the testimony;

b.      the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.      the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

9.      All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any

- 5 -

purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

10.   Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by consultants and experts to whom disclosure is reasonably necessary for the purposes of this litigation, who have signed the Agreement to Be Bound attached hereto as Exhibit A.

11.   Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by consultants and experts (pursuant to the terms of paragraph 10), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a.   Executives who are required to participate in policy decisions with reference to this action;

b.   Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

c.   Stenographic and clerical employees associated with the individuals identified above.

12.   With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

13.   All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that consultants and experts authorized to view such information under the terms of this Order may

- 6 -

[PROPOSED] PROTECTIVE ORDER          Case No.: 3:26-CV-00101-JES-LR

retain custody of copies such as are necessary for their participation in this litigation.

14.   No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material. Any application to file a document under seal must be served on the person or entity that has custody and control of the document, if that person or entity has not already appeared in the action.

15.   At any stage of these proceedings, any party may object to a designation of materials as confidential information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Thereafter, the parties must promptly meet and confer, pursuant to Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. In the event of any such dispute, the designating party bears the burden of establishing good cause for the confidentiality designation. The materials at issue must be treated as confidential until the Court has ruled on the objection, or the matter has been otherwise resolved.

16.   All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties,

///

- 7 -

make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "Confidential Information Subject to Protective Order in *Alma Ureña, individually, and as successor in interest to Mike Jr. Jimenez, deceased, vs. City of El Centro, et al.*, No. 3:26-CV-00101-JES-LR" or "Confidential – For Counsel Only Information Subject to Protective Order in *Alma Ureña, individually, and as successor in interest to Mike Jr. Jimenez, deceased, vs. City of El Centro, et al.*, No. 3:26-CV-00101-JES-LR."

19. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

- 8 -

21.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22.     Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

23.     Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, transcripts, exhibits and attorney work product, and will continue to be bound by this Order with respect to all such retained information.

24.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

///

[PROPOSED] PROTECTIVE ORDER          Case No.: 3:26-CV-00101-JES-LR

26.   Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

27.   This Order may be modified by agreement of the parties, subject to approval by the Court.

28.   The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, for public policy reasons, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

29.   Without separate court order, the Protective Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

30.   All parties will dispose of confidential or sealed documents and information upon conclusion of the case, or as otherwise instructed after completing their respective services.

IT IS SO ORDERED this _____ day of March, 2026.

_____
LUPE RODRIGUEZ, JR.
United States Magistrate Judge

[PROPOSED] PROTECTIVE ORDER            Case No.: 3:26-CV-00101-JES-LR

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California in the case of *Alma Ureña, individually, and as successor in interest to Mike Jr. Jimenez, deceased, vs. City of El Centro, et al.*, No. 3:26-CV-00101-JES-LR.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree that any information designated confidential pursuant thereto which is delivered to me will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of said Order.  I further understand and agree that any summaries or other documents containing knowledge or information obtained from confidential documents or information furnished to me shall also be treated by me as confidential.  I also agree to dispose of all such confidential documents and all summaries or other documents containing knowledge or information obtained therefrom in such manner as I may be instructed after completing my services.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____

- 11 -

[PROPOSED] PROTECTIVE ORDER                    Case No.: 3:26-CV-00101-JES-LR