UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA UREÑA, individually, and as successor in interest to MIKE JR JIMENEZ, deceased,<br>Plaintiff,<br>v.<br>CITY OF EL CENTRO, et al.,<br>Defendants. | Case No.: 26cv101-JES(LR)<br>**ORDER DENYING DEFENDANTS' MOTION FOR A LIMITED STAY OF DISCOVERY**<br>**[ECF NO. 35]** |

On August 14, 2026, Defendants Yu and Lopez filed a "Joint Motion for a Limited Stay of Discovery." (ECF No. 35.) On August 19, 2026, the Court held a Status Conference with the parties, during which it discussed the pending motion. (See ECF No. 37.) On August 20, 2026, the Cout issued a briefing schedule requiring Plaintiff to file an opposition by August 25, 2026, and Defendants Yu and Lopez to file their reply by August 28, 2026. (ECF No. 39 at 1.) On August 25, 2026, Plaintiff timely filed an Opposition to Defendants' motion, and on August 28, 2026, Defendants Yu and Lopez timely filed a Reply in support of their motion. (See ECF Nos. 40, 41; see also ECF No. 39.) Having considered all of the briefing and supporting documents, and for the reasons set forth below, the Court **DENIES** Defendants' motion [ECF No. 35].

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2026, Plaintiff Alma Urena, individually and as a successor-in-interest to her deceased fourteen-year-old son, Mike Jr. Jimenez, filed a Complaint that initiated this action. (ECF No. 1.) The action arises from the fatal shooting of Plaintiff's minor son by El Centro police officers on October 5, 2025. (See id.) On January 30, 2026, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 6.) Named Defendants City of El Centro and William Yu filed an Answer to Plaintiff's FAC on February 20, 2026. (ECF No. 7.) On March 25, 2026, the Court held an Early Neutral Evaluation Conference and Case Management Conference, and on March 27, 2026, issued a Scheduling Order. (ECF Nos. 12, 13.)

On June 23, 2023, Plaintiff filed a Second Amended Complaint ("SAC"), the operative pleading in this case. (ECF No. 20.) Plaintiff's SAC alleges the following causes of action: (1) unreasonable seizure–excessive force (42 U.S.C. §1983), (2) interference with due process right to familial relationships (42 U.S.C. § 1983), (3) battery, (4) negligence, (5) violation of California Civil Code section 52.1, and (6) wrongful death. (See id.) On July 1, 2026, Defendant Yu obtained new counsel, and on July 7, 2026—filed his Answer to SAC. (ECF Nos. 24, 25, 27.) On July 16, 2026, Defendant Lopez filed an Answer to Plaintiff's SAC. (ECF No. 28.)

Notably, Defendant Yu was named in Plaintiff's initial Complaint, FAC, and SAC, (see ECF Nos. 1, 6, 20), and Defendant Lopez was first named in this action in Plaintiff's SAC, (see ECF No. 20). On July 27, 2026, the Court held a Discovery Conference and continued all deadlines in its Scheduling Order by ninety days. (See ECF Nos. 30, 31.) The Amended Scheduling Order set the following key deadlines: October 26, 2026 as the deadline to serve written discovery, December 28, 2026 as the deadline to complete fact discovery, April 26, 2027 as the deadline to complete expert discovery, May 24, 2027 as the deadline to file pretrial motions, and September 22, 2027 as the Final Pretrial Conference. (ECF No. 31.)

/ / /

## II. LEGAL STANDARD

A court has broad discretion to stay proceedings as part of the inherent power to control its docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Off. of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." Id. (alterations and citation omitted).

A court may exercise its discretion to stay civil proceedings when the interests of justice require such action. Id. A court should consider the circumstances and interests involved in the case, especially "the extent to which the defendant's fifth amendment rights are implicated." Id. The court should additionally consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 325.

The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433–34 (2009). Further, "stays should not be indefinite in nature." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007); see also Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.").

/ / /

/ / /

## III. DISCUSSION

Defendants Yu and Lopez request a "limited stay of discovery to Defendants as to the issues implicated by an ongoing criminal investigation into the police shooting in this matter." (ECF No. 35 at 2; ECF No. 35-1 at 2.) Specifically, Defendants seek a stay until September 30, 2026, of "incident-related discovery to the Defendants, including written discovery and deposition examination." (ECF No. 35 at 2.) Defendants Yu and Lopez argue that there is good cause for the stay, the stay will not unduly prejudice Plaintiff, and the denial of the stay will unduly prejudice them. (Id.) Defendants allege that there is a pending criminal investigation by the District Attorney for Imperial County ("DA") into the underlying shooting involving them. (Id.) Defendants Yu and Lopez further claim that without the stay, they will have to "either respond to substantive discovery in this civil action that could be used against them in regard to potential criminal charges," or "assert their Fifth Amendment right to avoid self-incrimination as to any such charges, which assertion would be used against them in this civil action." (Id.)

Plaintiff opposes the motion to stay arguing that Defendants Yu and Lopez knew of the criminal investigation from its inception, consulted criminal counsel, and voluntarily provided their accounts of the shooting at issue. (ECF No. 40 at 3.) Plaintiff also asserts that it is speculative that Defendants Yu and Lopez may be indicted. (Id. at 7–8.) Additionally, Plaintiff states that even if the DA decides not to file charges against Defendants Yu and Lopez, the DA may subsequently reconsider this decision if new evidence emerges, and Defendants' proposed stay therefore will not meaningfully resolve their Fifth Amendment concerns. (Id. at 3–4.) Plaintiff further contends that Defendant Yu was not diligent in seeking to stay discovery, and it would be unjust to allow him to obtain a stay after he served comprehensive discovery on Plaintiff and received Plaintiff's responses to discovery. (Id. at 5–7.) Plaintiff maintains that her interest in proceeding expeditiously with this action aligns with the Court's interest in promoting prompt resolution of the action, Defendants have not established "substantial prejudice" or that

the interests of justice can only be served if the stay is granted, and no relevant factor favors the stay, while most of the factors weigh against granting the stay. (Id. at 7–10.) Plaintiff therefore asks the Court to deny Defendants' motion. (Id.)

Defendants reply that the requested stay will not delay the resolution of this action and will not prejudice Plaintiff because the Final Pretrial Conference is set for a date more than a year from the date of the filing of their Reply and the trial date has not yet been set. (ECF No. 41 at 6.) Defendants further argue that they will be significantly prejudiced if the Court denies the stay, and they will not gain any unfair advantage from the partial stay they seek because all other discovery would proceed. (Id. at 7–8.) Defendants therefore ask that "the stay extend until and be revisited at the next Status Conference on September 30, 2026," the date by which Defendants allege "it is anticipated that the results of criminal investigation will be known." (Id. at 9.)

**A. Implication of Fifth Amendment Rights**

In determining whether to grant a stay, the Court is required to consider the circumstances and interests involved in the case, especially "the extent to which the defendant's fifth amendment rights are implicated." See Keating, 45 F.3d at 325. The Ninth Circuit explicitly held in Keating that "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Id. at 326. The Ninth Circuit also specified that "[n]ot only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." Id. (citing Baxter v. Palmigiano, 425 U.S. 308, 318 (1976)). Notably, the Ninth Circuit has explained that a stay in civil proceedings is "a far weaker one" where no indictment has been issued. Fed. Sav. and Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989) (quoting S.E.C. v. Dresser Indus., Inc., 628 F.2d 1368, 1376 (D.C. Cir. 1980)). While the extent to which a defendant's Fifth Amendment rights are implicated is a "significant factor" a court should consider, it is

still "only one consideration to be weighed against others." Keating, 45 F.3d at 325. "[A] stay is not warranted where a defendant's Fifth Amendment rights can be protected through less drastic means, such as asserting the privilege on a question-by-question basis." ESG Cap. Partners LP v. Stratos, 22 F. Supp. 3d 1042, 1045–46 (C.D. Cal. 2014) (internal quotation and citation omitted).

Any potential criminal case involving Defendants Yu and Lopez will likely concern the same underlying conduct - fatal shooting of Plaintiff's minor son on October 5, 2025, but "the precise degree of overlap of factual and legal issues [in this civil case and any potential criminal case] remains unknown in the absence of an actual indictment." See eBay, Inc. v. Digit. Point Sols., Inc., No. C 08-4052 JF (PVT), 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010). Although the DA's investigation is ongoing, Defendants Yu and Lopez have not been charged with any crime. Further, Defendants have not provided any evidence to the Court indicating that indictments against them are likely or imminent. On the record before it, the Court finds that Defendants Yu and Lopez have real, but tempered Fifth Amendment interests, and those interests must be considered in light of the other Keating factors, as discussed below. See Henson v. Cnty. of L.A., Case No. 2:24-cv-08883-JLS-AJR, 2026 WL 1455325, at *2 (C.D. Cal. Feb. 18, 2026) (finding that "Fifth Amendment concerns weigh[ed] somewhat in favor of a stay, but this [wa]s greatly tempered by the lack of an indictment as well as [d]efendant's failure to provide any evidence that an indictment is likely or imminent."); Campos v. City of Fullerton, Case No. 8:24-cv-01892-DOC-ADS, 2025 WL 2369243, at *3 (C.D. Cal. July 17, 2025) ("Where, as here, it is unknown whether criminal charges will be filed, the criminal investigation is routine where an officer-involved shooting occurs, and [d]efendants provide no evidence to suggest prosecution is imminent, the threat to the officers' Fifth Amendment right is remote and courts frequently deny Motions to Stay.").

/ / /

/ / /

**B. The Keating Factors**

**1. Prejudice to Plaintiff**

The first Keating factor requires the Court to analyze Plaintiff's interest in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to Plaintiff from a delay. See Keating, 45 F.3d at 325. Plaintiffs in civil cases generally have a strong interest in proceeding expeditiously with their suit. See In re Packaged Seafood Prods. Antitrust Litig., Case No.: 15-MD-2670 JLS (MDD), 2018 WL 5785284, at *4 (S.D. Cal. Nov. 5, 2018) ("Civil [p]laintiffs have a strong interest in the speedy resolution of their claims, which weighs against a stay."); Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc., Case No.: 15-cv-02440-GPC-WVG, 2016 WL 2868698, at *4 (S.D. Cal. May 17, 2016) ("Courts have recognized that a civil plaintiff has an interest in having her case resolved quickly."). Any delay resulting from a stay may needlessly postpone relief to which a plaintiff may be entitled, and a delay "inherently increase[s] the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). Further, indefinite stays are disfavored. See Dependable Highway Express, Inc., 498 F.3d at 1066; Leyva, 593 F.2d at 864.

In this case, the stay Defendants Yu and Lopez seek will delay discovery regarding their involvement in the fatal shooting at issue, including their depositions and responses to discovery requests. Plaintiff, as a mother of the minor decedent, has a strong interest in obtaining Defendants' testimony about the facts surrounding the shooting of her son, and comparing their testimony with the testimony of other officers present at the scene, as well as juvenile eyewitnesses who were in the car with the decedent at the time of the shooting. Although Defendants hope that the DA's decision whether to initiate criminal charges against them will be finalized by the end of September 2026, that hope is speculative. The DA's investigation may take longer and result in additional requests by Defendants to extend the stay with no end date. Further, Defendants Yu and Lopez were among the key actors in the underlying shooting, and the stay of discovery with respect to

their involvement in the shooting would impede key discovery in this case. Notably, the Court has already continued all deadlines in this case, including discovery deadlines, by ninety days. (See ECF No. 31.) Accordingly, the stay Defendants seek will further delay the litigation process in this case, thereby prejudicing Plaintiff. See Henson, 2026 WL 1455325, at *1, *3 (finding that the interest of plaintiff in proceeding with the litigation weighed against a stay, where defendants County of Los Angeles and Los Angeles County Sheriff's Deputy filed a motion for a limited stay of discovery with respect to the Deputy's deposition pending the investigation of the underlying incident by the Los Angeles County DA's Office; noting that "[a]n indefinite stay of discovery with respect to the deposition of [d]efendant [], who is central in this case, will prejudice [p]laintiff's ability to expeditiously proceed."); see also Shabazz v. Walker, Case No. CV 21-06111-MWF (AFMx), 2021 WL 8441198, at *4 (C.D. Cal. Dec. 20, 2021) (finding that defendants' motion to stay discovery until the criminal investigation concluded "on its face [wa]s a request for an indefinite stay"; finding that plaintiffs would be prejudiced by the delay resulting from such a stay and that the first Keating factor weighed against the stay). The first Keating factor therefore weighs against the stay.

**2. Burden on Defendants**

The Court is next required to analyze the burden which any particular aspect of the proceedings may impose on Defendants. See Keating, 45 F.3d at 325. Although Defendants Yu and Lopez argue that "there is an inarguable burden to [them] being forced to choose between asserting their Fifth Amendment right and impairing their defense to the civil claims or waiving that right while there is a pending criminal investigation," (see ECF No. 35-1 at 8), Defendants have not been indicted and have not presented any evidence that such indictments are likely or imminent. As discussed above, Defendants' Fifth Amendment interests are not as strong as those in civil actions where there are parallel ongoing criminal proceedings. This factor therefore weighs against granting a stay. See Henson, 2026 WL 1455325, at *3 (finding that the second Keating factor weighed against defendants' request for a limited stay of discovery

because defendant Sheriff's Department's Deputy had not been indicted; noting that "the degree to which his Fifth Amendment interests [we]re implicated [was] low"); Elena v. City of L.A., Case No. 2:22-cv-07651-JLS-KSx, 2023 WL 4763327, at *3 (C.D. Cal. June 20, 2023) (finding that the second Keating factor weighed against defendants' request to stay discovery because defendant Police Officer had not been indicted; noting that his "Fifth Amendment interests [we]re not as strong as cases where there [we]re parallel ongoing criminal proceedings").

**3. Convenience of the court and judicial efficiency**

The third Keating factor centers on the convenience of the court in the management of its cases, and the efficient use of judicial resources. See Keating, 45 F.3d at 325. "Courts have recognized that this Keating factor normally does not favor granting a stay, because 'the court has an interest in clearing its docket.'" ESG Cap. Partners LP v. Stratos, 22 F. Supp. 3d 1042, 1047 (C.D. Cal. 2014) (quoting Fed. Sav. & Loan Ins. Corp., 889 F.2d at 903). This is particularly so where "no indictment has been returned and 'there is no way to predict when the criminal investigation [will] end.'" Consumer Fin. Prot. Bureau, 2019 WL 1937571, at *3 (quoting Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 528 (D.N.J. 1998)). Although Defendants hope that the stay they seek will be short, as discussed above, the stay will impede key discovery in this case for an undetermined period of time until the DA's investigation is completed. This factor therefore weighs against granting a stay.

**4. Interests of non-parties**

The fourth Keating factor directs the Court to consider the interests of persons not parties to the civil litigation. See Keating, 45 F.3d at 325. Defendants do not allege any third-party interests at stake. Accordingly, the fourth Keating factor is neutral. See Elena, 2023 WL 4763327, at *3 (finding that interests of non-parties was "neutral" where defendants did not "identify any such third-party witnesses," and the benefit was "very speculative."); see also Estate of Hernandez-Rojas v. Customs and Border Patrol Agent 7663, Civil No. 11–cv–0522–L(DHB), 2012 WL 5429091, at *9 (S.D. Cal. Nov. 7, 2012)

(noting that where "[n]either party raise[d] any concerns regarding third party interests," the "[c]ourt w[ould] not consider this factor in the balancing.").

**5. Public's interest**

The last Keating factor requires the Court to consider the interest of the general public in the pending civil and criminal litigation. See Keating, 45 F.3d at 325. "While the public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases, the public interest also favors speedy disposition of cases on their merits, particularly in civil rights cases." Elena, 2023 WL 4763327, at *4 (internal quotations omitted) (quoting Douglas v. United States, Nos. C 03-04518 JW, C 04-05357 JW, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006); Herd v. Cnty. of San Bernardino, Case No. ED CV 17-02545-AB (SPx), 2018 WL 5816175, at *4 (C.D. Cal. Sept. 17, 2018)). In this case, no criminal proceedings have been initiated against Defendants Yu and Lopez, and it is unclear whether any charges will ever be filed against them. Additionally, the case has already been delayed by the ninety-day continuance of all deadlines. (See ECF No. 31.) Notably, courts have recognized that "[i]t is especially important, in cases where police misconduct has been alleged, for the public to see justice be fairly and efficiently done." See Henson, 2026 WL 1455325, at *3 (quoting Estate of Morad v. City of Long Beach, Case No. CV 16-06785 MWF (AJWx), 2017 WL 5187826, at *9 (C.D. Cal. Apr. 28, 2017)). The public's interest therefore is best served by proceeding with this case, and this factor weighs against granting a stay. See Henson, 2026 WL 1455325, at *3 (finding that the public's interest was best served by proceeding with the case and the last Keating factor weighed against granting a stay, where "there [wa]s no criminal proceeding ongoing, and because th[e] case ha[d] already been delayed pending the . . . investigation"); Elena, 2023 WL 4763327, at *4 (finding the last Keating factor weighed against granting a stay where "there [wa]s no criminal proceeding ongoing and no way to know when [the pending] investigation w[ould] conclude").

/ / /

/ / /

## IV. CONCLUSION

For the reasons discussed above, the Court finds that the majority of Keating factors weigh against Defendants' request for a stay. As a result, the Court **DENIES** Defendants' motion for a partial stay of discovery.

**IT IS SO ORDERED**.

Dated: September 10, 2026

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge